1263-15

PD-1263-15

ORIGINAL

Johnny Craig Trout
    Appellant

V.

The State of Texas

FILED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

From the 11th Court of Appeals, No. 11-13-00377-CR, And the 70th District Court for Ector County, Trial Court No. A-37,204

Petition for Discretionary Review

Johnny Craig Trout
8527 CR 2412
Quinlan, Tx 75474

mailing address:
PO Box 871
Quinlan, Tx 75474

Abel Acosta, Clerk

DEC 03 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

# Summary of Argument

This is argument for Appellant, Johnny Craig Trout on judgements of the Courts of Ector County. The Appellant whom is pro se, tryed to get an Attorney pro bono. The trial court rules for the Grand Jury were not followed, the rule for Limine was in effect. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. 1.05. were violated, none of the Rights of Accused were given. Appelant was never given a speedy public trial, Appellant was never called to give a statement to the Grand Jury. Appellant never received anything from the Grand Jury except the copy of the indictment, which was delivered to Appellant in jail by the Sheriff on April 23, 2010. There was no information given about who testified, or if anyone testified before the Grand Jury.

The documents state that the Appellant was assigned Attorney Johnny Carrasco, this Attorney has never made any contact what so ever. The Appellant has never had an Attorney for this Appeal. Having tried to locate Mr. Carrasco, he is not even listed in the yellow pages under Attorney's in Ector County at all.

The Court of Appeals affirmed the judgement of the Court. My Mother, Karen Trout is the only help I have had. I was ordered to jail for 180 days, I shoud have had a Court Appointed Attorney, one was never made available to me at all.

On January 11th, 2010, Appellant went after his own vehicle, Appellant went to jail, bonded out the next day for $100. On January 22nd, 2010 the Ector County Sheriff came and arrested Appellant at his job for burglary.

Appellant's evidence list, dated 01/11/2010; you will see Claimant: Brenda Burk placed an assault charge on Appellant on 04/24/09. This was a false charge, as you can see, on the very same day, Brenda Burk claimed a Crime Victims' Compensation from the Office of the Attorney General.

This is where this all started, the assault charge was completely made up so that Brenda Burk could FALSElY claim $500.00 from the Attorney General.

The purpose of the Motion in Limine, which withheld all witnesses called on Appelants behalf, instructed witnesses to refrain from any mention or interrogation, directly, or indirectly in any manner whatsoever.

The District Attorney admits the trial discovery order did require the state to disclose information regarding the identity of witnesses who testified before the Grand Jury.

The Appellant and the State are not on equal ground. Appellant should have had an Attorney. This is not Truth and Justice.

Appellant and Mother know this Petition is not at all professional, being that the Appellant's Legal Rights for counsel were abused and denied. Appellant should have had a Court appointed Attorney from the start.

For the record, I'am 73 years old. I know nothing about a computer or printer. Through trial and error, I ended up having to hand print all of this.

Nov 12, 2015, Ector County had Hunt County lock Appellant up, 9 day's later they picked him up. Appellants Court date is Dec 19, 2015. As of this date

As of this date, Nov 29, 2015, Appellant has not seen an Attorney, He is in jail for probation violation.

June 19, 2014, State's Motion requesting that the Court order Appellant to Redraw his Brief - State's Ms. Trout is not the Attorney of record and to the best of State's knowledge is not an Attorney at all.

Johnny Carraso, Attorney on Record, dated 19th day of Dec 2013, The State put that false Attorney's name on record.

Johnny Craig Trout Attorney for Appellant

P.O. Address #44521 P.O Box 331 Odessa, tx

Robert N. Bland (SBN 00790319) (432) 498-4230 Attorney for Appellee

P.O. Address 300 N. Grant, Room 305 Odessa, Tx 79761

NO. A-37,204    70th Judicial Court

Johnny Craig Trout

Appellant...., Plaintiff ....in Error,

vs.

The State Of Texas

Appellee...., Defendant....in Error.

# From the 70th                   Court

## of Ector County

Applied for by Johnny Carrasco _____ , Attorney

for Appellant _____ on the 19 day of

December _____ 20 13 , and delivered to the Court of

Appeals for the 11th District of Texas at Eastland, Texas on the

21 day of March _____ 20 14 .

Janis Morgan          District ____ Clerk,

70th _____ Court, Ector County Texas.

By /s/ Eva B Franco _____ , Deputy

Appellant Court Cause No. 11-13-00377-CR _____

Filed in Court of Criminal Appeals, at _____

Texas, the ____ day of _____ , 20 ____ .

_____ Clerk,

Court of Criminal Appeals.

By _____

Defendant John Craig Trout

Jan 11, 2010 I knocked on the door. I never tryed to open, kick open, or pick the lock on the door. The door is opened by Deanna Crouch, I stepped in and said, I want the key's to my car and my cell phone. I have to go to work. Deanna, Brenda and Michella and her little boy were all in the room. I never hollered I'am going to kill you. They hollered for Dustin. Dustin came running out of the back room and run at me - kicked me in the stomach, I had only stepped 1 foot inside the door. Dustin and I landed on the couch I knew I make a mistake, I broke free - free of Dustin and run out the door. Dustin run after me and Dustin picked up a peice of angel iron and chased me toward the storage sheds. I had lost my shoe's in the scuffle with Dustin I was getting sticker's I came back and layed down on the ground and waited on the Sheriff.

I went to jail on a violation of a protective order - I bonded out the next day for $100.00.

If I had went after these people with a knife, and they found the knife I would have been looking at attempted murder charges. If that knife had been turned over to the Sheriff in a few hour's, 1 day or 10 day's, fingerprints would have been taken. I did

Not have a knife, and if I had a knife, I sure would not be out of jail the next day on a $100.00 bond. If they had a knife on Jan. 11, 2013 the Sheriff would have come back and aressed me - way before Jan. 22, 2010.
I was not in DeAnna Crouch's house even a minute

Johnny Craig Jran

19

## Prayer For Relief

I the Appellant pray for Grace and Mercy from the Supreme Court. On the basis of never having the Rights of the Accused; Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Art. 1.05. We ask for forgiveness in not having proper representation, under Law, is normally provided. We pray that mistakes or errors be overlooked, and we pray for relief.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Art. 1.05. RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. No person shall be held to answer for a felony unless on indictment of a grand jury. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. This article was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 1517, 84th Legislature, Regular Session, for amendments affecting this section. Art. 1.051. RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding. (b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel. (c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel as soon as possible, but not later than the end of the third working day after the date on which the court or the courts' designee receives the defendant's

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. Art. 1.05. RIGHTS OF ACCUSED. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself. He shall have the right of being heard by himself, or counsel, or both; shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor. No person shall be held to answer for a felony unless on indictment of a grand jury. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. This article was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 1517, 84th Legislature, Regular Session, for amendments affecting this section. Art. 1.051. RIGHT TO REPRESENTATION BY COUNSEL. (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding. (b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel. (c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel as soon as possible, but not later than the end of the third working day after the date on which the court or the courts' designee receives the defendant's

I do not Know how to put this together. The Appellant, is covered from the first word of Acts 1965 59th Leg, to the very last word. This has been going since 2009. I'am asking for Mercy and Grace on the form of this Petition Appellant's Mother

Karen Joy Lcount

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2015

Abel Acosta, Clerk

Opinion filed August 28, 2015



In The

# Eleventh Court of Appeals

No. 11-13-00377-CR

JOHNNY CRAIG TROUT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 70th District Court

Ector County, Texas

Trial Court Cause No. A-37,204

## MEMORANDUM OPINION

The jury found Appellant, Johnny Craig Trout, guilty of the second-degree felony offense of burglary of a habitation.[1] The jury assessed punishment at confinement for five years and a fine of $5,000, but recommended community supervision. The trial court accepted the recommendation of the jury, suspended the

---

[1]See TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West 2011).

sentence, placed Appellant on community supervision for ten years, imposed the fine of $5,000, and then sentenced Appellant to 180 days in the county jail as part of his community supervision. Appellant's pro se brief makes several complaints but does not outline any issues; however, we construe the brief to raise two issues on appeal with an attempt to raise two additional issues. We affirm.

## I. *The Charged Offense*

The grand jury returned an indictment against Appellant for the first-degree felony offense of burglary of a habitation for entering a habitation without the consent of the owner and committing or attempting to commit the felony offense of aggravated assault with a deadly weapon. PENAL § 30.02(d). The jury convicted Appellant of the lesser included offense of burglary of a habitation for entering a habitation without the consent of the owner and committing or attempting to commit simple assault. *Id.* § 30.02(a)(3). As relevant here, a person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. *Id.* This offense is a felony of the second degree if the offense occurs in a habitation. *Id.* § 30.02(c)(2). An individual adjudged guilty of a felony in the second degree shall be punished by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* § 12.33 (West 2011).

## II. *Evidence at Trial*

One winter day in Odessa, Brenda Burk and Dustin Burk, Appellant's former girlfriend and her son, visited Deanna Crouch at her home. Michelle Havner, Crouch's daughter-in-law, was also at Crouch's home. During the visit, Crouch heard a noise at the door to her carport, and she looked out of the small diamond-shaped window in the door and saw someone bending down on the other side. Crouch then reached to lock the deadbolt when Appellant burst through the door and knocked her over. Crouch testified that Appellant yelled, "I'm going to kill. Give

2

me my keys, b---h." Similarly, Brenda testified that Appellant yelled, "I'm going to kill you, b---h." Brenda then screamed to her son, Dustin, who was in the kitchen, that Appellant was holding a knife.

At trial, Dustin described Appellant's knife as a pocketknife, whereas Brenda described it as a huge kitchen knife with a very long blade, almost machete size. Crouch testified that Appellant had a pocketknife in one hand and a butcher knife in the other. Michelle, who went to the back room of the house after Appellant forced his way in, testified that she did not see Appellant with a knife. Dustin ran out of the kitchen and kicked Appellant in the stomach and the crotch, as Brenda ran outside into the carport to call 911. Dustin then shoved Appellant out the door into the carport and threw a crate at him as Appellant lunged toward Brenda with a knife. Appellant then ran down the street to the storerooms located in the alleyway on Crouch's property. Appellant then walked back toward the house as a deputy from the Ector County Sheriff's Department pulled into Crouch's driveway. Justin Hamm, a deputy with the sheriff's department, apprehended Appellant, but Deputy Hamm did not find the knife.

Matthew Havner, Crouch's son, arrived at the scene and walked back to the storerooms to search for Appellant's knife. Matthew testified that he found a knife with a seven-inch blade by the storerooms, picked it up with a plastic bag, and called the sheriff's department to retrieve the knife. Vicki Drennan, a crime scene investigator, testified that the sheriff's department catalogs all evidence with an invoice number. However, if a defendant pleads guilty to a charge, then the evidence is destroyed. After Appellant's arrest, he pleaded guilty to a violation of the protective order that Brenda Burk filed some months earlier, so the sheriff's department destroyed the knife without cross-referencing it to the present case.

3

### III. *Analysis*

Appellant, who is pro se, first submitted a set of documents written by his mother as his brief. The State moved to have the brief redrawn, and we ordered Appellant to submit a new brief. The second brief, written by Appellant, failed to (1) identify the parties, (2) provide an index of authorities, (3) present a statement of the case, (4) outline issues presented, (5) give a summary of his argument, and (6) provide an argument with citations to both the record and authorities. *See* TEX. R. APP. P. 38.1(a), (c), (d), (f), (h), (i). Although Appellant provided a recitation of facts, he rarely cited to the record except to briefly reference testimony about the knife and to claim alleged inaccuracies in the record. *See* TEX. R. APP. P. 38.1(g); *Narvaiz v. State*, 840 S.W.2d 415, 430 (Tex. Crim. App. 1992) (held appellant waived any error by failing to identify where in the record the alleged error occurred).

Appellant is not entitled to special consideration solely because he is pro se. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). Although we allow some latitude to a pro se appellant to comply with the Rules of Appellate Procedure, Appellant's brief fails to meet most of the requirements.[2] *See Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure). After a review of Appellant's brief, we note that Appellant complains about the sufficiency of the evidence and alleged excessive punishment in violation of the Eighth Amendment of the United States Constitution.[3] And even though his briefing is insufficient, we note that he also

---

[2]We note that Appellant was represented by retained counsel at trial and that Appellant thereafter presented a claim of indigence to the trial court with respect to this appeal. The trial court determined that Appellant was not indigent.

[3]*See* U.S. CONST. amend. VIII.

4

claims the State withheld evidence, which is an allegation that the State violated *Brady*.[4] Appellant also complains about the jury verdict form.

### A. Challenge to Sufficiency of the Evidence

Appellant contends that the evidence was insufficient to sustain his conviction for burglary of a habitation. We review sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under this standard, we review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. The trier of fact holds the responsibility to resolve conflicts in the testimony fairly, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* We are to resolve inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd).

The relevant element, under Section 22.01(a)(2) of the Texas Penal Code, which was properly outlined in the jury charge, is "intentionally or knowingly threatens another with imminent bodily injury." PENAL § 22.01(a)(2) (assault). Brenda testified that Appellant threatened to kill her and lunged at her with a knife. Though the witnesses' testimony was inconsistent regarding Appellant's possession of a knife, possession of a deadly weapon is not an element of the lesser included offense of which Appellant was convicted. *Id.* § 30.02(a). If the evidence raises any conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the prosecution. *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894;

---

[4]*Brady v. Maryland*, 373 U.S. 83, 87 (1963).

*Curry*, 30 S.W.3d at 406. As factfinder, the jury may determine the weight and credibility of a witness's testimony. *Sharp*, 707 S.W.2d at 614. We hold the evidence was sufficient for the jury to have found beyond a reasonable doubt that Appellant entered Crouch's habitation, without her consent, and committed or attempted to commit an assault. We overrule Appellant's issue on the sufficiency of the evidence.

### B. Allegation of Cruel and Unusual Punishment

Appellant argues that his sentence was very excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. Appellant did not raise this issue at trial, and it is waived. TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). We overrule Appellant's issue on punishment.

### C. Complaints about Grand Jury Notes and Handwritten Jury Verdict Form

Appellant complains that he did not get grand jury witness information, which the State interprets as an attempt to claim a *Brady* violation because a list of grand jury witnesses was never produced. Appellant also complains that the trial court improperly handwrote part of the jury verdict form. Appellant does not cite to any authorities on these complaints, and these complaints are waived. *See* TEX. R. APP. P. 38.1; *Perez*, 261 S.W.3d at 765.

### D. Two Miscellaneous Issues

Finally, Appellant complains that the court reporter's record is inaccurate concerning certain dates and testimony. He claims, among other things, that the knife was not accidentally destroyed by law enforcement but was part of the evidence at trial. Appellant's last complaint is that he did not receive any tape recordings, as part of the appellate record, to review to prepare his appeal. We note

6

that no tape recordings were admitted into evidence at trial. Again, Appellant has failed to cite any authorities to support his complaints, and these issues are waived. *See* TEX. R. APP. P. 38.1(h); *Perez*, 261 S.W.3d at 765.

## IV. *Conclusion*

We have reviewed the record, and we hold that the evidence is sufficient to support Appellant's conviction. We further hold that Appellant waived his complaints about punishment, the grand jury information, the jury verdict form, and alleged inaccurate or missing evidence. We overrule all of Appellant's issues.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 28, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7

CAUSE NO. 11-13-00377-CR

IN THE COURT OF APPEALS

ELEVENTH JUDICIAL DISTRICT OF TEXAS

JOHNNY CRAIG TROUT,
Appellant

v.

STATE OF TEXAS,
Appellee

On appeal from the 70th Judicial District Court
of Ector County, Texas
Trial Court Cause Number A-37,204

STATE'S APPELLATE BRIEF

**Michael Bloch**
Assistant District Attorney
Ector County District Attorney's Office

Ector County Courthouse
300 N. Grant, Room 305
Odessa, Texas 79761
(432) 498-4230 Phone
(432) 498-4293 Fax

**Attorney for the State of Texas**

## Identity of Parties and Counsel

ATTORNEYS FOR THE STATE AT TRIAL:

Brooke Hendricks
Amanda Navarette
Assistant District Attorneys
Ector County Courthouse
300 N. Grant, Room 305
Odessa, Texas 79761

ATTORNEY FOR THE STATE ON APPEAL

Michael Bloch
Assistant District Attorney
Ector County Courthouse
300 N. Grant, Room 305
Odessa, Texas 79761

ATTORNEY FOR THE APPELLANT AT TRIAL:

Jeffrey T. Robnett
P.O. Box 1583
Midland, Texas 79702

APPELLANT PRO SE ON APPEAL:

Johnny Craig Trout
P.O. Box 1793
Quinlan, Texas 75474

TRIAL COURT:

Hon. Denn Whalen
70th District Court
Ector County, Texas
300 N. Grant
Odessa, Texas 79761

# Table of Contents

Identity of Parties and Counsel .................................................................. 2

Index of Authorities ................................................................................4

Statement of the Case ............................................................................7

Statement of Facts................................................................................ 7

Summary of the Argument ................................................................. 10

Argument

       I.     The evidence was legally sufficient to sustain the jury's finding that Appellant committed the offense of burglary of a habitation with intent to commit assault. ............ 10

Conclusion and Prayer .........................................................................14

Certificate of Service .........................................................................15

Certificate of Compliance.....................................................................15

# Index of Authorities

**CASES**

*Brady v. Maryland,*
373 U.S. 83 (1963)................................................................10, 13

*Clayton v. State,*
235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ........................................11

*Dewberry v. State,*
4 S.W.3d 735, 740 (Tex. Crim. App. 1999) ........................................13

*Ex parte Reed,*
271 S.W.3d 698, 726-727 (Tex. Crim. App. 2008)....................................14

*Jackson v. Virginia,*
443 U.S. 307, 319 (1979)................................................................11

*Johnson v. State,*
803 S.W.2d 272, 279 (Tex. Crim. App. 1990) ........................................12

*Jones v. State,*
944 S.W.2d 642, 647 (Tex. Crim. App. 1996) ........................................11

*Knight v. State,*
406 S.W.3d 578, 590 (Tex. App. -- Eastland 2013, pet. ref'd) ...............14

*Matson v. State,*
819 S.W.2d 839, 846 (Tex. Crim. App. 1991) ........................................12

*Padilla v. State,*
254 S.W.3d 585, 590 (Tex.App.--Eastland 2008, pet. ref'd)....................13

*Sanders v. State,*
119 S.W.3d 818, 820 (Tex. Crim. App. 2003) ........................................12

*Swearingen v. State,*
101 S.W.3d 89, 94 (Tex. Crim. App. 2003) ........................................12

4

*Winfrey v. State,*
323 S.W.3d 875, 878-79 (Tex. Crim. App. 2010)......................................................11

**STATUTES AND RULES**

Tex. R. App. P. 38.1(i)..................................................................................14

Tex. R. App. Proc. 33.1 (a)(1)(A).............................................................13, 14

## IN THE COURT OF APPEALS

## ELEVENTH JUDICIAL DISTRICT OF TEXAS

**JOHNNY CRAIG TROUT,**
**Appellant**

**v.**

**STATE OF TEXAS,**
**Appellee**

On appeal from the 70th Judicial District Court
of Ector County, Texas
Trial Court Cause Number A-37,204

## STATE'S APPELLATE BRIEF

**TO THE HONORABLE JUSTICES OF SAID COURT:**

COMES NOW, Appellee, the **STATE OF TEXAS,** by and through its District Attorney, R.N. (Bobby) Bland and Assistant District Attorney Michael Bloch and presents for receipt its Appellate Brief in the above-styled and numbered cause of action.

## Statement of the Case

On April 20, 2010, Johnny Craig Trout, hereinafter Appellant, was indicted for the offense of burglary, alleging that Appellant entered the habitation of Deanna Crouch and did attempt to commit or committed the felony offense of aggravated assault with a deadly weapon, to-wit: a knife. CR 6. Appellant pled not guilty. 4 RR 8. The trial on guilt/innocence was held on November 20, 2013, at the conclusion of which the jury found Appellant guilty of the lesser-included offense of burglary of a habitation with intent to commit assault. 4 RR 139-140. The jury assessed punishment at confinement for five years, but recommended that the sentence be suspended and Appellant be placed on community supervision. 5 RR 31-32. The trial court sentenced Appellant to five years TDCJ, but suspended the sentence and placed Appellant on community supervision for ten years. 6 RR 4-5. As a condition of community supervision, Appellant was ordered to serve 180 days in the Ector County Jail. *Id.* The State now responds to Appellant's appeal of this conviction.

## Statement of Facts

On the date of subject incident, January 11, 2010, Deanna Crouch lived at 2324 North Canyon Avenue in Ector County, Texas. 4 RR 13. On that day, Brenda Burk, whom Crouch described as an "acquaintance" arrived

7

at the residence with her, Burk's, son Dustin Burk, who had come to do his laundry. *Id.* at 14-15, 41. Some of Crouch's relatives showed up at the residence shortly thereafter, and after having a conversation with Burk, Crouch told Burk she needed to leave "[b]ecause I was going to be baby-sitting, and I didn't want the ruckus at my house." *Id.* at 15. Suddenly, Crouch heard a noise at the door leading to the carport, she looked through the window and saw someone bending down. *Id.* at 16. She reached to go and lock the dead bolt, "and the next thing I know the door pops open." *Id.* at 16. Appellant – who Burk identified at trial as her live-in boyfriend – came charging through the door, knocking Crouch down and yelling and screaming "I'm going to kill" and "Give me my keys, bitch." *Id.* Crouch testified that Appellant did not have permission to enter her house. *Id.* at 24. Crouch saw Appellant with a big butcher knife in one hand and a pocketknife in the other, and ordered her daughter-in-law to take the baby away.[1] 4 RR 16, 19. Her daughter-in-law hid in a closet and called 911. *Id.* at 27. Appellant came at Burk with a knife shouting "I'm going to kill you, bitch." *Id.* at 42. Burk called for her son Dustin. *Id.* Dustin had been sitting in the kitchen; he heard the commotion and came out of the kitchen

---

[1] There was some disagreement among the witnesses as to what type or how many knives Appellant had. Crouch's daughter-in-law did not see a knife. 4 RR 32. Dustin observed only one knife. 4 RR 39. Burk observed a long knife, "almost machete size." 4 RR 52.

8

and began fighting and wrestling with Appellant. *Id.* at 17, 35. Burk fled to the carport. *Id.* at 42. As the two men fought, Dustin pushed Appellant out the door and into the carport. *Id.* at 17, 43. Seeing Burk out there, Appellant came running at her again, but was foiled when Dustin threw a crate at him. *Id.* at 43. Appellant then abandoned the encounter and went down the alleyway where Crouch kept a number of storerooms. *Id.* at 17, 35. Appellant started coming back from the storerooms[2] when the Ector County Sheriff's Office arrived and apprehended him. *Id.* at 36. Police did not find Appellant with any knives; however, Crouch's son later found a knife among the storage units. *Id.* at 61-62. He called the Sheriff's Deputies, who returned and retrieved the knife.[3] *Id.* at 62.

Appellant testified at trial that he did indeed force his way into Crouch's home, although he denied having had a weapon. 4 RR 100. The jury convicted Appellant of the lesser-included offense of burglary of a habitation with intent to commit assault.

---

[2] Although stating that Appellant attacked Burk with the knife "twice," Burk seemed to testify that Appellant came at her with a knife a third time after he came back from the storage sheds, and states that Dustin was inside at the time. It appears in that case that Sheriff's Deputies separated them. 4 RR 53.

[3] The knife was logged into evidence, but there was apparently a plea to another matter which resulted in the knife being destroyed. 4 RR 70-71. Fingerprints were also not taken. 4 RR 75.

9

## Summary of the Argument

The evidence was legally sufficient to sustain the jury's finding that Appellant was guilty of the charged offense. Several State's witnesses testified that Appellant forced his way into a residence that he had no permission to enter, and assaulted some of the occupants. The jury assessed the credibility of the State's witnesses and Appellant and, based upon those assessments, adjudged Appellant guilty of burglary of a habitation with the intent to commit assault. Appellant failed to preserve error in connection with his complaint about not receiving a list of grand jury witnesses, and in any event he does not make the requisite showings necessary to obtain relief under *Brady*. With regard to Appellant's complaint that the trial court made a handwritten correction on the verdict form, Appellant has cited no authority in support of his position that this was improper, and fails to cite to the record where his counsel objected to this alleged impropriety.

## Argument

### I.

**The evidence was legally sufficient to sustain the jury's finding that Appellant committed the offense of burglary of a habitation with intent to commit assault**

Although he does not designate issues or points of error, Appellant seems to argue that the evidence was insufficient to support his conviction.

10

When reviewing a case for legal sufficiency, this Court should view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 323 S.W.3d 875, 878-79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Thus, this Court should "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* at 879. (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). "It has been said, quite appropriately, that '[t]he appellate scales are supposed to be weighted in favor of upholding a trial court's judgment of conviction, and this weighting includes, for example, the highly deferential standard of review for legal-sufficiency claims.'" *Id.* The Court "must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant" committed the crime for which the jury found him guilty. *See id.* The appellate court is not required to *believe* the record evidence, nor to pass on the credibility of witnesses. The jury exclusively judges the credibility and weight of testimony. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). The jury is free to draw reasonable inferences from basic facts

11

to ultimate ones. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). The appellate court's duty is simply to pass on whether a rational trier of fact could have found all of the essential elements beyond a reasonable doubt. *Johnson v. State*, 803 S.W.2d 272, 279 (Tex. Crim. App. 1990). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991); *see also Swearingen v. State*, 101 S.W.3d 89, 94 (Tex. Crim. App. 2003).

In this case, the record is replete with evidence that Appellant committed the offense of burglary with intent to commit assault. Crouch testified that Appellant popped open the door to her residence and knocked her down flat on her back. 4 RR 16, 20. She further testified that Appellant did not have permission to enter her house. *Id.* at 24. Dustin Burk testified that upon entering Crouch's home Appellant was "going for my mother." *Id.* at 35. Burk also testified that after Appellant forced his way in "he's coming at me and shouting I'm going to kill you, bitch." *Id.* at 42. She also testified that Appellant "is jumping at me" when Dustin came to her aid. *Id.* When Burk flees to the carport, Appellant comes at her again, but is foiled when Dustin throws a crate at him. *Id.* at 43. A victim's testimony is alone sufficient to sustain a conviction for an assaultive offense, even where the

12

victim's memory was not perfect and her statements not always completely consistent. *See Padilla v. State*, 254 S.W.3d 585, 590 (Tex.App.--Eastland 2008, pet. ref'd). This Court should not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Here, the jury assessed the credibility of the State's witnesses and Appellant and, based upon those assessments, adjudged Appellant guilty of burglary with the intent to commit assault. This Court should defer to that finding. Appellant's sufficiency of the evidence claim should be overruled.

Appellant also seems to complain that the State did not provide him with information regarding the identity of witnesses who testified before the grand jury. The trial court's discovery order did require the State to disclose that information. CR 11. However, there does not appear in the record any objection or complaint from Appellant's counsel that this information was not provided. Hence, error has not been preserved. Tex. R. App. Proc. 33.1 (a)(1)(A). Moreover, under its present incarnation, to succeed in showing a *Brady* violation[4], an individual must show that (1) the evidence is favorable to the accused because it is exculpatory or impeaching; (2) the evidence was

---

[4] Appellant does not mention *Brady* or exculpatory evidence in his brief. However, the State thinks this may be what he is trying to argue.

suppressed by the government or persons acting on the government's behalf, either inadvertently or willfully; and (3) the suppression of the evidence resulted in prejudice (i.e., materiality). *Ex parte Reed*, 271 S.W.3d 698, 726-727 (Tex. Crim. App. 2008). Appellant has not made these showings. This point of error should be overruled.

Appellant also seems to complain of the trial court's handwritten notations on the verdict form; specifically, adding "with intent to commit assault" to the burglary of a habitation charge. Clearly it was a typographical error to omit that phrase, and the trial court (presumably it was the trial court) corrected it. First, Appellant has cited no authority in support of his position that this was improper, and thus has waived that argument. Tex. R. App. P. 38.1(i); *see also Knight v. State*, 406 S.W.3d 578, 590 (Tex. App. -- Eastland 2013, pet. ref'd). Second, Appellant's counsel did not object to this alleged impropriety and hence waived any such complaint. *See* Tex. R. App. Proc. 33.1 (a)(1)(A). This issue should also be overruled.

## Conclusion and Prayer

The State of Texas prays this court overrule Appellant's points of error and affirm Appellant's conviction.

14

Respectfully Submitted,

**Michael Bloch**
Ector County District Attorney's Office

BY:  /s/ Michael Bloch
     Michael Bloch
     Assistant District Attorney
     SBN 24009906
     blochmj@co.ector.tx.us

     Ector County Courthouse
     300 N. Grant, Room 305
     Odessa, Texas 79761
     (432) 498-4230 Phone
     (432) 498-4293 Fax

## Certificate of Service

I certify that on this 5th day of September, 2014, a copy of the foregoing State's Appellate Brief was mailed to

Johnny Craig Trout
P.O. Box 1793
Quinlan, Texas 75474

/s/ Michael Bloch

Michael Bloch

## Certificate of Compliance

I certify that the foregoing brief consists of 2,355 words and is typed in 14-point Times New Roman Font.

/s/ Michael Bloch

Michael Bloch

15

# CAUSE NUMBER 11-13-00377-CR

## IN THE COURT OF APPEALS

## ELEVENTH DISTRICT OF TEXAS

### JOHNNY CRAIG TROUT,
Appellant

v.

### THE STATE OF TEXAS,
Appellee

On appeal from the 70th Judicial District Court
of Ector County, Texas
Trial Court Cause Number A-37,204

## STATE'S MOTION REQUESTING THAT THIS COURT ORDER APPELLANT TO REDRAW HIS APPELLATE BRIEF

TO THE HONORABLE COURT OF APPEALS:

COMES NOW APPELLEE, THE STATE OF TEXAS, by and through Assistant Ector County District Attorney Michael Bloch, and files this its motion requesting that this Court order Appellant to redraw his appellate brief, and in support thereof, would respectfully show this Honorable Court as follows:

## I.

Appellant filed his brief in this case on May 12, 2014. The State's brief is due June 26, 2014.

## II.

The State fully acknowledges Tex. R. App. P. 38.9, which provides that briefing rules are to be construed liberally. In this case, however, the State is of the opinion that this Court should order that Appellant's brief be redrawn. Appellant's brief does not in any way whatsoever comply with Tex. R. App. P. 38.1. Appearing in the brief are statements identifying Appellant's mother, Karen Joy Trout, as the author of the brief; Ms. Trout is not the attorney of record and, to the best of the State's knowledge, is not an attorney at all. The brief does not adequately cite to the record, make legal arguments or cite to legal authorities in a manner that would allow the State to understand the basis of this appeal. It includes several documents that are not in the appellate record. And, in the State's opinion, some of it is unintelligible.

## III.

Because of these defects, the State is not sure how it can appropriately respond to Appellant's brief. The State prays that this Court order Appellant to redraw his brief pursuant to Rule 38.9 (a) and/or (b).

Respectfully Submitted,

**Michael Bloch**
Assistant District Attorney
Ector County District Attorney's Office

Ector County Courthouse
300 N. Grant, Room 305
Odessa, Texas 79761
(432) 498-4230 Phone
(432) 498-4293 Fax
blochmj@co.ector.tx.us

**Attorney for the State of Texas**

By: /s/ Michael Bloch
**Michael Bloch**
State Bar No. 24009906
Assistant District Attorney

## CERTIFICATE OF SERVICE

Pursuant to Rule 9.5 of the Texas Rules of Appellate Procedure, I certify that on this 30th day of May, 2014, a copy of the foregoing motion was mailed to Johnny Craig Trout, P.O. Box 1793, Quinlan, Texas 75474.

/s/ Michael Bloch
**Michael Bloch**
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion consists of 421 words and is typed in 14-point Times New Roman font.

/s/ Michael Bloch
**Michael Bloch**
Assistant District Attorney

**Page 4**

# Statement

Defendant John Craig Trout

Jan 11, 2010 I knocked on the door. I never tryed to open, kick open, or pick the lock on the door. The door is opened by Deanna Crouch. I stepped in and said, I want the key's to my car and my cell phone. I have to go to work. Deanna, Brenda and Michella and her little boy were all in the room. I never hollered I'am going to kill you. They hollered for Dustin. Dustin came running out of the back room and run at me — kicked me in the stomach, I had only stepped 1 foot inside the door. Dustin and I landed on the couch I knew I make a mistake, I broke free - free of Dustin and run out the door. Dustin run after me and Dustin picked up a peice of angel iron and chased me toward the storage sheds. I had lost my shoe's in the scuffle with Dustin I was getting sticker's I came back and layed down on the ground and waited on the Sheriff.

I went to jail on a violation of a protective order – I bonded out the next day for $100,00.

If I had went after these people with a knife, and they found the knife I would have been looking at attempted murder charges. If that knife had been turned over to the Sheriff in a few hour's, 1 day or 10 day's, fingerprints would have been taken. I did

18

Not have a knife, and if I had a knife, I sure would not be out of jail the next day on a $100.00 bond. If they had a knife on Jan. 11, 2013 the Sheriff would have come back and aressea me - way before Jan. 22, 2010.

I was not in Deanna Crouch's house even a minute

Johnny Craig Juan

19

Johnny Craig Trout Attorney for Appellant

P.O. Address

#44521 P.O Box 331 Odessa, tx

Robert N. Bland (SBN 00790319) (432) 498-4230 Attorney for Appellee

P.O. Address

300 N. Grant, Room 305 Odessa, Tx 79761

Appealed to the Court of Appeals
for the 11th District of Eastland, Texas

NO. A-37,204    70th Judicial Court

Johnny Craig Trout

Appellant...., Plaintiff ....in Error,

vs.

The State Of Texas

Appellee...., Defendant....in Error.

## From the 70th Court

## of Ector County

Applied for by Johnny Carrasco , Attorney

for Appellant on the 19 day of

December 20 13 , and delivered to the Court of

Appeals for the 11th District of Texas at Eastland, Texas on the

21 day of March 20 14 .

Janis Morgan District Clerk,

70th Court, Ector County Texas.

By /s/ Eva B Franco , Deputy

Appellant Court Cause No. 11-13-00377-CR

Filed in Court of Criminal Appeals, at _____

Texas, the ____ day of _____ , 20 ____ .

_____ Clerk,

Court of Criminal Appeals.

By _____

1

CAUSE NO. A-37,204

| The State Of Texas | * | IN THE DISTRICT COURT |
| | * | |
| Vs. | * | ECTOR COUNTY, TEXAS |
| | * | |
| Johnny Craig Trout | * | 70th DISTRICT COURT |

INDEX

Front Cover ................................................................................................................................1

Index ......................................................................................................................................2

Caption ...................................................................................................................................5

Indictment, Filed April 20, 2010 ...........................................................................................6

Precept, Filed April 26, 2010 .................................................................................................7

Waiver Of Arraignment, Filed May 4, 2010 ..........................................................................8

First Pre -Trial Orders, Filed May 4, 2010 ............................................................................9

Bond, Filed May 14, 2010 ....................................................................................................14

Open File Policy Letter, Filed July 6, 2010 .........................................................................16

Motion to Substitute Counsel, Filed July 28, 2010 ..............................................................17

Order For Motion To Substitute Counsel, Filed August 5, 2010 .........................................19

Open File Policy Letter, Filed September 3, 2010 ................................................................20

Motion For Continuance, Filed January 31, 2011 ................................................................21

Order Granting Defendant's Motion For Continuance, Filed January 31, 2011 ..................23

Motion For Continuance, Filed April 1, 2011 ......................................................................24

Order Granting Defendant's Motion For Continuance, Filed April 1, 2011 ........................26

Motion For Continuance, Filed May 4, 2011 .......................................................................27

Order Granting Defendant's Motion For Continuance, Filed May 4, 2011 .........................29

Motion For Continuance, Filed June 8, 2011 ...............................................................30

Order Granting Defendant's Motion For Continuance, Filed June 8, 2011 ..................32

Order Resetting Jury Trial , Filed October 7, 2011 ....................................................33

Order Resetting Jury Trial, Filed May 22, 2013 .........................................................34

Order Resetting Jury Trial, Filed June 6, 2013 ..........................................................35

Order Resetting Jury Trial, Filed August 5, 2013 ......................................................36

Motion For Continuance, Filed August 8, 2013 .........................................................37

Order Granting Defendant's Motion For Continuance, Filed August 20, 2013 ..........39

Order Resetting Jury Trial, Filed October 22, 2013 ...................................................41

Order On State's Motion In Limine, Filed November 20, 2013...................................42

State's Motion In Limine, Filed November 20, 2013 ..................................................44

Request For Sentencing By Jury, Filed November 20, 2013.......................................47

Application For Probation, Filed November 20, 2013 ................................................48

Chosen Jury List, Filed November 20, 2013 ..............................................................49

Defendant's Strike List, Filed November 20, 2013 ....................................................50

State's Strike List, Filed November 20, 2013.............................................................51

Charge Of The Court, Filed November 20, 2013 .......................................................52

Verdict, Filed November 20, 2013 .............................................................................57

Charge of The Court, Filed November 20, 2013 ........................................................58

Verdict, Filed November 20, 2013 .............................................................................63

Judgment of Conviction By Jury, Filed November 20, 2013 .....................................64

Order Of The Court Granting Community Supervision, Filed November 20, 2013 ....66

Order Transferring Prisoner, Filed November 25, 2013..............................................71

Nunc Pro Tunc Judgment Of Conviction By Jury, Filed December 18, 2013 ............................72

Order, Filed December 18, 2013 ................................................................................74

 Notice Of Appeal- Pro Se Filing December 19, 2013 ..............................................75

Docketing Certificate ..............................................................................................76

Affidavit Of Indigency, Filed December 20, 2013 ...................................................78

Trial Court Certificate Of Defendant's Right Of Appeal, Filed January 3, 2014..........81

Request For Extension Of Time ................................................................................82

Court's Docket Sheet ..............................................................................................83

Clerk's Certification ...............................................................................................85

Back Cover...............................................................................................................86



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

December 19, 2013

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761

Johnny Craig Trout
#44521
Ector County Jail
PO Box 331
Odessa, TX 79761

**RE:** Appellate Case Number: 11-13-00377-CR    Trial Court Case Number:    A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

We have this day received and filed a copy of the Notice of Appeal and the Trial Court Information Form from the trial court clerk in the above cause.

*Pro se Appellant is requested to forward a docketing statement to our office on or before* **January 3, 2014**. *See* TEX. R. APP .P. 32. *A copy of the docketing statement is enclosed.*

The Clerk's Record and Reporter's Record are now due for filing in the Court on or before **January 20, 2014. There is a new Request for Extension form on the Court's website, revised 4/2013. Please start using this form immediately.**

A Certification of the Defendant's Right of Appeal did not accompany the Notice of Appeal. Pursuant to the January 1, 2003, amendments of the Texas Rules of Appellate Procedure, please note that the record must include the trial court's Certification of the Defendant's Right of Appeal. This appeal may be subject to dismissal if the certification is not included in a Clerk's Record or Supplemental Clerk's Record. TEX. R. APP. P. 25.2. The trial court clerk is directed to fax the Certification of Defendant's Right of Appeal on or before January 3, 2014 and ensure that the certification is included with the Notice of Appeal in the Clerk's Record.

**NOTICE: Effective January 1, 2014, e-filing will be mandatory in the Eleventh Court of Appeals.**

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc:    Tina Gregg, Court Reporter
Denn Whalen, Judge
District Clerk - Ector County



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

January 10, 2014

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761

Johnny Craig Trout
#44521
Ector County Jail
PO Box 331
Odessa, TX 79761

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number: A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

We have this day received and filed the docketing statement and the trial court's Certification of Defendant's Right of Appeal from Pro se Appellant in the above cause.

We note the Clerk's Record and Reporter's Record are due for filing in the Court on or before **January 20, 2014. There is a new Request for Extension form on the Court's website, revised 4/2013. Please start using this form immediately.**

**NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. The email address of an attorney or unrepresented party who electronically files a document must be included on the front cover of the document and on the signature page.**

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc: Tina Gregg, Court Reporter
Denn Whalen, Judge
District Clerk - Ector County



**JIM R. WRIGHT**
CHIEF JUSTICE

**MIKE WILLSON**
JUSTICE

**JOHN M. BAILEY**
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448
January 31, 2014

**SHERRY WILLIAMSON**
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

Tina Gregg, Court Reporter
Horizon Reporters
P.O. Box 4475
Odessa, TX 79760

District Clerk - Ector County
Janis Morgan
301 Courthouse
300 North Grant Avenue
Odessa, TX 79761

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number: A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

Upon reviewing the file in the above cause, the Clerk's Record and Reporter's Record were originally due to be filed on January 20, 2014.

The Court deems the failure to file a request for extension of time and the inordinate delay in filing the record to be a serious matter. On the Court's own motion, the Court directs the District Clerk and the Court Reporter to file the records in this cause on or before **February 17, 2014.** At that time, the records must be electronically filed through the TAMES Records Submission Portal for the Eleventh Court of Appeals.

**NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents MUST contain an email address.**

Respectfully yours,

Sherry Williamson, Clerk

cc: R. N. (Bobby) Bland, District Attorney
Denn Whalen, Judge
Johnny Craig Trout



| JIM R. WRIGHT | **Court of Appeals** | SHERRY WILLIAMSON |
| CHIEF JUSTICE | | CLERK |
| | **Eleventh District of Texas** | |
| MIKE WILLSON | 100 WEST MAIN STREET, SUITE 300 | TELE: 254/629-2638 |
| JUSTICE | P. O. BOX 271 | FAX: 254/629-2191 |
| JOHN M. BAILEY | EASTLAND, TEXAS 76448 | sherry.williamson@txcourts.gov |
| JUSTICE | | www.11thcoa.courts.state.tx.us |

February 6, 2014

Johnny Craig Trout
#44521
Ector County Jail
PO Box 331
Odessa, TX 79761

**RE:**   Appellate Case Number: 11-13-00377-CR
       Trial Court Case Number:   A-37,204
**Style:** Johnny Craig Trout
       v. The State of Texas

Upon reviewing the file in the above cause, please note that the record was due for filing in this Court on February 17, 2014.

The District Clerk and Court Reporter have notified us that Appellant has not paid for the Clerk's Record or Reporter's Record, nor filed a Designation of Clerk's Record or Reporter's Record. Since Judge Whalen signed an order on December 18, 2013 finding Appellant not indigent, Appellant is responsible for payment of the records.

The payments and designations are due for filing with the District Clerk and Court Reporter with proof received in this Court by **February 17, 2014**. Otherwise, this appeal may be dismissed. TEX. R. APP. P. 37.3(b).

If the above requirements are met by **February 17, 2014**, the Clerk's Record and Reporter's Record will be due for filing on or before **March 19, 2014**.

**NOTICE:   Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents MUST contain an email address.**

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

cc:   R. N. (Bobby) Bland, District Attorney (DELIVERED VIA E-MAIL)
     Tina Gregg, Court Reporter (DELIVERED VIA E-MAIL)
     Denn Whalen, Judge (DELIVERED VIA E-MAIL)
     District Clerk - Ector County (DELIVERED VIA E-MAIL)



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

March 21, 2014

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
\* DELIVERED VIA E-MAIL \*

Johnny Craig Trout
#44521
Lynn County Jail
P.O. Box 277
Tahoka, TX 79373

RE: Appellate Case Number: 11-13-00377-CR
     Trial Court Case Number:   A-37,204
Style: Johnny Craig Trout v. The State of Texas

We have this day received and filed the Clerk's Record (1 volume) in the above cause.

We note the Reporter's Record was due for filing in this Court **March 19, 2014.**

**NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents MUST contain an email address.**

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc: Tina Gregg, Court Reporter (DELIVERED VIA E-MAIL)
    Denn Whalen, Judge (DELIVERED VIA E-MAIL)
    District Clerk - Ector County (DELIVERED VIA E-MAIL)



| JIM R. WRIGHT<br>CHIEF JUSTICE | **Court of Appeals** | SHERRY WILLIAMSON<br>CLERK |
|---|---|---|
| MIKE WILLSON<br>JUSTICE | **Eleventh District of Texas** | TELE: 254/629-2638 |
| | 100 WEST MAIN STREET, SUITE 300 | FAX: 254/629-2191 |
| JOHN M. BAILEY<br>JUSTICE | P. O. BOX 271<br>EASTLAND, TEXAS 76448 | sherry.williamson@txcourts.gov<br>www.11thcoa.courts.state.tx.us |

April 15, 2014

R. N. (Bobby) Bland, District Attorney          Johnny Craig Trout
Ector County District Attorney's Office          #44521
300 N. Grant, Room 305                                    Ector County Law Enforcement Center
Odessa, TX 79761                                              P.O. Box 331
* DELIVERED VIA E-MAIL *                            Odessa, TX 79760

**RE:**     Appellate Case Number:  11-13-00377-CR
               Trial Court Case Number:     A-37,204
**Style:**  Johnny Craig Trout v. The State of Texas

We have this day received and filed Reporter's Record (6 volumes) in the above cause.

Appellant's brief is now due for filing in this Court on or before **May 15, 2014.**

**NOTICE:  Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents MUST contain an email address.**

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy

cc:     Tina Gregg, Court Reporter (DELIVERED VIA E-MAIL)
         Denn Whalen, Judge (DELIVERED VIA E-MAIL)



| JIM R. WRIGHT<br>CHIEF JUSTICE | **Court of Appeals** | SHERRY WILLIAMSON<br>CLERK |
|---|---|---|
| MIKE WILLSON<br>JUSTICE | **Eleventh District of Texas** | TELE: 254/629-2638 |
| | 100 WEST MAIN STREET, SUITE 300 | FAX: 254/629-2191 |
| JOHN M. BAILEY<br>JUSTICE | P. O. BOX 271<br>EASTLAND, TEXAS 76448 | sherry.williamson@txcourts.gov<br>www.11thcoa.courts.state.tx.us |

May 12, 2014

Johnny Craig Trout
#44521
Ector County Law Enforcement Center
P.O. Box 331
Odessa, TX 79760

**RE:**     Appellate Case Number:  11-13-00377-CR
               Trial Court Case Number:     A-37,204
**Style:** Johnny Craig Trout
               v. The State of Texas

The Court has this day received correspondence from you in the above cause.

Respectfully yours,

Sherry Williamson

Sherry Williamson, Clerk

By: Johanna Blair, Deputy

cc:     R. N. (Bobby) Bland, District Attorney   (DELIVERED VIA E-MAIL)



**Court of Appeals**

**Eleventh District of Texas**

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

May 27, 2014

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
\* DELIVERED VIA E-MAIL \*

Johnny Craig Trout
PO Box 1793
Quinlan, TX 75474

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number: A-37,204
**Style:** Johnny Craig Trout v. The State of Texas

We have this day received and filed a letter from Johnny Craig Trout stating papers received on May 12, 2014 were intended to be Appellant's pro se brief. Appellant's pro se brief is now filed as of May 12, 2014.

State's brief is now due for filing on or before **June 26, 2014.**

NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents **MUST** contain an email address.

Respectfully yours,

Sherry Williamson, Clerk

By: Cheryl Busk, Deputy



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

August 14, 2014

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Michael Bloch, Assistant
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Johnny Craig Trout
PO Box 1793
Quinlan, TX 75474

RE:  Appellate Case Number: 11-13-00377-CR
     Trial Court Case Number:    A-37,204
Style: Johnny Craig Trout
       v. The State of Texas

The Court has this day **OVERRULED** State's motion to strike Appellant's brief in the above cause.

It is noted State's brief is due for filing in the Court on or before **September 5, 2014**.

**NOTICE:** **Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents MUST contain an email address.**

Respectfully yours,

Sherry Williamson, Clerk



**JIM R. WRIGHT**
CHIEF JUSTICE

**MIKE WILLSON**
JUSTICE

**JOHN M. BAILEY**
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

**SHERRY WILLIAMSON**
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.11thcoa.courts.state.tx.us

September 5, 2014

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Michael Bloch, Assistant
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Johnny Craig Trout
PO Box 1793
Quinlan, TX 75474

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number:  A-37,204
**Style:** Johnny Craig Trout
v. The State of Texas

State's brief has this day been received and filed in the above cause.

You will be advised when this case is set for submission.

**NOTICE: Effective January 1, 2014, e-filing is mandatory in the Eleventh Court of Appeals. Documents <u>MUST</u> contain an email address.**

Respectfully yours,

Sherry Williamson, Clerk

By: Myrna McGough, Deputy



| JIM R. WRIGHT | **Court of Appeals** | SHERRY WILLIAMSON |
| CHIEF JUSTICE | | CLERK |

**Court of Appeals**
**Eleventh District of Texas**

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

July 27, 2015

JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Michael Bloch, Assistant
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Johnny Craig Trout
PO Box 1793
Quinlan, TX 75474

**RE:** Appellate Case Number: 11-13-00377-CR
Trial Court Case Number: A-37,204
**Style:** Johnny Craig Trout
v. The State of Texas

The above cause has been set for submission on briefs in the Court of Appeals for the Eleventh District of Texas on **August 20, 2015.** You will be advised when an opinion is handed down.

The panel assigned to this case will be Chief Justice Wright, Justice Willson, and Justice Bailey. This panel is subject to change by the Court.

Respectfully yours,

Sherry Williamson, Clerk



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

August 28, 2015

R. N. (Bobby) Bland, District Attorney
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Michael Bloch, Assistant
Ector County District Attorney's Office
300 N. Grant, Room 305
Odessa, TX 79761
* DELIVERED VIA E-MAIL *

Johnny Craig Trout
PO Box 1793
Quinlan, TX 75474

**RE:**   Appellate Case Number:  11-13-00377-CR
       Trial Court Case Number:   A-37,204
**Style:**  Johnny Craig Trout
       v. The State of Texas

The Court has this day **AFFIRMED** the judgment of the trial court in the above cause.

Copies of the Court's opinion and judgment are attached.

Appellant is advised that a Petition for Discretionary Review may be filed with the <u>Clerk, Court of Criminal Appeals, Austin, Texas.</u> No copy is required for the Eleventh Court of Appeals.

Respectfully yours,

Sherry Williamson, Clerk

cc:   Dean Rucker, Administrative Judge (DELIVERED VIA E-MAIL)
      Denn Whalen, Judge (DELIVERED VIA E-MAIL)
      District Clerk - Ector County (DELIVERED VIA E-MAIL)



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Johnny Craig Trout,

* From the 70th District Court
of Ector County,
Trial Court No. A-37,204.

Vs. No. 11-13-00377-CR

* August 28, 2015

The State of Texas,

* Memorandum Opinion by Willson, J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.

| THE STATE OF TEXAS | § | IN THE 70TH DISTRICT |
| --- | --- | --- |
| V. | § | COURT |
| JOHNNY CRAIG TROUT | § | ECTOR COUNTY, TEXAS |
| STATE ID NO.: TX02501787 | § | |

## NUNC PRO TUNC JUDGMENT OF CONVICTION BY JURY

| Judge Presiding: | HON. DENN WHALEN | Date Judgment Entered: | 11/21/2013 |
| --- | --- | --- | --- |
| Attorney for State: | AMANDA NAVARETTE | Attorney for Defendant: | JEFF ROBNETT |

**Offense for which Defendant Convicted:**
**LESSER INCLUDED OFFENSE OF BURGLARY OF A HABITATION WITH INTENT TO COMMIT ASSAULT**

FILED

| Charging Instrument: INDICTMENT | Statute for Offense: 30.02 Penal Code | at_____ o'clock |
| --- | --- | --- |

| Date of Offense: 1/11/2010 | DEC 1 6 2013 |
| --- | --- |

| Degree of Offense: 2ND DEGREE FELONY | Plea to Offense: NOT GUILTY | District Clerk, Ector County, Texas |
| --- | --- | --- |
| Verdict of Jury: GUILTY | Findings on Deadly Weapon: N/A | By_____ Deputy |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
| --- | --- | --- | --- |
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: JURY | Date Sentence Imposed: 11/21/2013 | Date Sentence to Commence: 11/21/2013 |
| --- | --- | --- |

| Punishment and Place of Confinement: | **FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ** |
| --- | --- |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☒ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **TEN (10) YEARS.**

| Fine: $ 5,000.00 | Court Costs: $ 264.00 | Restitution: $ 0 | Restitution Payable to: ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |
| --- | --- | --- | --- |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

**If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.**

| Time Credited: | From | to | From | to | From | to |
| --- | --- | --- | --- | --- | --- | --- |
| | From | to | From | to | From | to |

**If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.**

**N/A DAYS      NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Ector County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the ECTOR COUNTY COMPLIANCE DEPARTMENT. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Ector County, Texas on the date the sentence is to commence. Defendant shall be confined in the Ector County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the ECTOR COUNTY COMPLIANCE DEPARTMENT. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Ector County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☐ The Court ORDERS Defendant's sentence EXECUTED.

☒ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

DEFENDANT SHALL SERVE 180 DAYS IN THE ECTOR COUNTY JAIL AS A CONDITION OF PROBATION TO BE SERVED BEGINNING 11/25/13

$50.00 CRIME STOPPERS FEE

**Signed and entered on November 21, 2013**

X _____
DENN WHALEN
JUDGE PRESIDING

Clerk: _____

Right Thumbprint

| THE STATE OF TEXAS | § | IN THE 70TH DISTRICT |
|---|---|---|
| | § | |
| | § | COURT |
| | § | |
| JOHNNY CRAIG TROUT | § | ECTOR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX02501787 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. DENN WHALEN | Date Judgment Entered: | 11/20/2013 |
| Attorney for State: | AMANDA NAVARETTE | Attorney for Defendant: | JEFF ROBNETT |

Offense for which Defendant Convicted:
LESSER INCLUDED OFFENSE OF BURGLARY OF A HABITATION WITH INTENT TO COMMIT ASSAULT

**FILED**

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 30.02 Penal Code |

at_____ o'clock

| Date of Offense: |
|---|
| 7/11/2010 |

**NOV 20 2013**

| Degree of Offense: | Plea to Offense: |
|---|---|
| 2ND DEGREE FELONY | NOT GUILTY |

| | Findings on Deadly Weapon: |
|---|---|
| Verdict of Jury: | N/A |
| GUILTY | |

District Clerk, Ector County, Texas

By_____ Deputy

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| JURY | 11/20/2013 | 11/20/2013 |

| Punishment and Place of Confinement: | FIVE (5) YEARS INSTITUTIONAL DIVISION, TDCJ |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☒ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **TEN (10) YEARS.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 5,000.00 | $ 264.00 | $ 0 | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

| | From | to | From | to | From | to |
|---|---|---|---|---|---|---|
| Time Credited: | From | to | From | to | From | to |
| | From | to | | | | |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS    NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Ector County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.
It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

## Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

## Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the ECTOR COUNTY COMPLIANCE DEPARTMENT. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Ector County, Texas on the date the sentence is to commence. Defendant shall be confined in the Ector County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the ECTOR COUNTY COMPLIANCE DEPARTMENT. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Ector County . Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

## Execution / Suspension of Sentence (select one)

☐ The Court ORDERS Defendant's sentence EXECUTED.

☒ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

## Furthermore, the following special findings or orders apply:

DEFENDANT SHALL SERVE 180 DAYS IN THE ECTOR COUNTY JAIL AS A CONDITION OF PROBATION TO BE SERVED BEGINNING 11/25/13

$50.00 CRIME STOPPERS FEE

**Signed and entered on November 20, 2013**

X _Denn Whalen_
DENN WHALEN
JUDGE PRESIDING

Clerk: _Lori Griffin_

Right Thumbprint

The Jury was Never there on Nov 21, 2013

The only people in Court on Nov 21, 2013 was Myself and my Lawyer Robnett, the D.A. Prosecutors and DeAnn Crouch. The lady from the Probation Department. We were Not in Court very long on Nov. 21, 2013. The Court was over by Noon.

Volume 6

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | 70th JUDICIAL DISTRICT |
| V. | § | |
| | § | |
| | § | |
| | § | |
| JOHNNY TROUT | § | ECTOR COUNTY, TEXAS |

## DEFENDANT'S REQUEST FOR SENTENCING BY JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the undersigned attorney on behalf of DEFENDANT, and files this DEFENDANT'S REQUEST FOR SENTENCING BY JURY, requesting in this Cause Number now pending in this Court, that the JURY impose any sentence in the event of conviction of Defendant.

**FILED**

at_____ o'clock

NOV 2 0 2013

District Clerk Ector County Texas

By_____ Deputy

Respectfully submitted,

The Law Offices of Jeff Robnett

Jeffrey L. Robnett
Bar Card No. 17118450
P.O. Box 1583
Midland, Texas 79702-1583
4326826140
FAX 4326847727

ATTORNEY FOR DEFENDANT

Volume 6 page 12
A jury found you guilty yesterday, I sentenced you today Nov 21, 2013

47

*Appellate Docket Number 11-13-00377-CR*



Room 305, 300 North Grant
Odessa, Texas 79761
A.C. 432-498-4230 • Fax 432-498-4293

**R.N. (Bobby) Bland**
*District Attorney*
*Ector County*
70th, 161st, 244th, 358th Judicial Districts

CHIEF DEPUTY DISTRICT ATTORNEY
Linda Deaderick

DEPUTY DISTRICTS ATTORNEYS
Leonard J. Bruce
Lee McClendon
M. Scott Layh
Justin Cunningham
Maggie Marmolejo
Laura M. Patel

July 6, 2010

Ms. Laura Carpenter
506 N. Sam Houston
Odessa, Texas 79761

Re:     Cause No. A-37,204
        The State of Texas vs. JOHNNY CRAIG TROUT

Dear Ms. Carpenter:

I have authority at this time to make an offer of Twelve (12) Years in the Texas Department of Criminal Justice, court costs and full restitution, in return for your client's voluntary plea of guilty.

Sincerely,

Justin Cunningham
Deputy District Attorney

JC/ld



Room 305, 300 North Grant
Odessa, Texas 79761
A.C. 432-498-4230 • Fax 432-498-4293

# R.N. (Bobby) Bland
**District Attorney**
**Ector County**
70th, 161st, 244th, 358th Judicial Districts

CHIEF DEPUTY DISTRICT ATTORNEY
Linda Deaderick

DEPUTY DISTRICTS ATTORNEYS
Leonard J. Bruce
Lee McClendon
M. Scott Layh
Justin Cunningham
Maggie Marmolejo
Laura M. Patel

September 3, 2010

Jeff Robnett
Attorney at Law
P.O. Box 1583
Midland, TX 79702

RE:   Cause No. A-37,204 - The State of Texas vs. JOHNNY CRAIG TROUT

Dear Counsel:

I have authority at this time to make an offer of Twelve (12) Years in the Institutional Division of the Texas Department of Criminal Justice, court costs and full restitution. If your client has no other pending criminal charges, either indicted or unindicted.

Sincerely,

Justin Cunningham
Deputy District Attorney

JC/kcg

CC 9-7-70



## R.N. (Bobby) Bland
*District Attorney*
*Ector County*
70th, 161st, 244th, 358th Judicial Districts

CHIEF DEPUTY DISTRICT ATTORNEY
Linda Deaderick

DEPUTY DISTRICTS ATTORNEYS
Leonard J. Bruce
Lee McClendon
M. Scott Layh
Justin Cunningham
Maggie Marmolejo
Laura M. Patel

April 5, 2011

Jeff Robnett
Law Offices of Jeff Robnett
P.O. Box 1583
Midland, Texas 79702

Re:   *State of Texas vs. Johnny Craig Trout*, Cause No. A-37,204

Dear Mr. Robnett:

Mr. Trout is currently set on a trial docket on April 25, 2011. I am willing to offer 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice in return for a plea of guilty.

Mr. Trout has been in jail since last August and has been near the top of our last several criminal trial dockets. I would like to see him plea or go to trial as soon as possible. This offer will expire at 5:00 P.M. on Friday, April 15, 2011, and no further offers will be extended. This case should be set to go to trial on either April 25, 2011, or May 9, 2011 (if it is not reached on April 25). Please feel free to contact me at (432) 498-4230, ext. 4114 or by email at ballnw@co.ector.tx.us at your soonest convenience so we may discuss and possibly resolve this case.

Sincerely,

Nicholas Ball
Deputy District Attorney

# Rule 23. Nunc Pro Tunc Proceedings in Criminal Cases

## 23.1. Judgment and Sentence

Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so.

## 23.2. Credit on Sentence

When sentence is pronounced, the trial court must give the defendant credit on that sentence for:

(a)   all time the defendant has been confined since the time when judgment and sentence should have been entered and pronounced; and

(b)   all time between the defendant's arrest and confinement to the time when judgment and sentence should have been entered and pronounced.

# Rule 23. Nunc Pro Tunc Proceedings in Criminal Cases

## 23.1. Judgment and Sentence

Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the court's doing so.

## 23.2. Credit on Sentence

When sentence is pronounced, the trial court must give the defendant credit on that sentence for:

(a)   all time the defendant has been confined since the time when judgment and sentence should have been entered and pronounced; and

(b)   all time between the defendant's arrest and confinement to the time when judgment and sentence should have been entered and pronounced.

NO. A-37,204

THE STATE OF TEXAS                    IN THE DISTRICT COURT

VS.                                   OF ECTOR COUNTY, TEXAS

JOHNNY CRAIG TROUT                    70TH JUDICIAL DISTRICT

## V E R D I C T

We, the Jury, find the Defendant, JOHNNY CRAIG TROUT, guilty of the lesser offense of Burglary of a Habitation With Intent to Commit Assault.

_____
FOREPERSON

Received 11-20-13 @ 4:25p.m.

FILED

at_____ o'clock

NOV 2 0 2013

District Clerk Ector County Texas

By_____Deputy

57

NO. A-37,204

THE STATE OF TEXAS                    IN THE DISTRICT COURT

VS.                                   OF ECTOR COUNTY, TEXAS

JOHNNY CRAIG TROUT                    70TH JUDICIAL DISTRICT

## VERDICT

We, the Jury, having previously found the Defendant, JOHNNY CRAIG TROUT, *with intent to commit* guilty beyond a reasonable doubt of the offense of Burglary of a Habitation, as charged in *assault* the Indictment, assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for _____ years.

In addition thereto, WE DO / WE DO NOT assess a fine in the amount of

$_____.

_____
FOREPERSON

62

NO. A-37,204

| | |
|---|---|
| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | OF ECTOR COUNTY, TEXAS |
| JOHNNY CRAIG TROUT | 70TH JUDICIAL DISTRICT |

## <u>V E R D I C T</u>

We, the jury, having found the defendant guilty beyond a reasonable doubt of the offense *with intent to commit assault.* of Burglary of a Habitation ∧ as charged in the indictment, assess his punishment at confinement in the Texas Department of Criminal Justice for (5) five years, and we, the jury, having assessed the punishment of the Defendant at not more than ten years confinement in the Texas Department of Criminal Justice, and having further found that he has never before been convicted of a felony, WE DO RECOMMEND that the imposition of his sentence be suspended and his sentence be suspended and he be placed on community supervision.

In addition thereto, WE DO / WE DO NOT assess a fine in the amount of $ $5,000.00 (not to exceed $10,000.00).

(If a fine is assessed, answer the following by checking the appropriate blank:)

_____✓_____ (A)   that the Defendant be required, as a condition of community supervision, to pay the fine assessed.

_____ (B)   that payment of the fine be suspended.

FILED
at_____o'clock
NOV 2 0 2013
District Clerk-Ector County Texas
By_____Deputy

David Hood
FOREPERSON

Received 11-20-18 @ 6:00 p.m.

63

# CRIMINAL DOCKET

CASE NO. A-37,204

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| A-37,204 | **THE STATE OF TEXAS** VS. | Bobby Bland | Burglary of a Habitation (F1) | 4 | 20 | 10 |
| | Johnny Craig Trout 4900 E. University #616 Odessa, TX | ~~Laura Carpenter~~ (a) Jeff Robnett (h) | | FEE BOOK | | |
| | | | | VOL. | | PAGE |
| | | DOB 12/7/60 | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 5 | 3 | 10 | State Ready at arraignment, Carpenter A. | | | Bond: $50,000 |
| | | | | | | Jail precept iss |
| 7 | 7 | 10 | State Ready at Pretrial; 4 ready, | | | 7-7-10 |
| | | | | | | 8-2-10 |
| | | | | | | 8-30-10 |
| | | | | | | 5-1-10 |
| | | | | | | 12-10-10 |
| 11 | 20 | 13 | M/limine - State granted - App. for jury to assess | | | 1-10-11 |
| | | | punishment & app for probation timely filed - Plea offer | | | 2-14-11 |
| | | | put on record & A knowingly refused same; Voir | | | 4-4-11 |
| | | | dire by State; Voir dire by A; Peremps made; | | | 4-25-11 |
| | | | jury seated & sworn; A plead not guilty; opening | | | 5-9-11 |
| | | | by State; Case in chief (1) Jeanna Crowell | | | 6-13-11 |
| | | | (2) Michelle Haven; (3) Justin Burk (4) Brenda Burk; | | | 8-1-11 |
| | | | lunch 12:10 pm; (5) Matthew Haven (6) Justin Ham | | | |
| | | | (7) Veline Drennan (8) Will Gray ; Motion for | | | |
| | | | instructed verdict of acquittal denied; A continued | | | |
| | | | outside presence of jury; (9) Johnny Craig Trout; Arrested; | | | |

83

# CRIMINAL DOCKET

| DATE OF ORDERS | | | ORDERS OF COURT – CONTINUED | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| 11 | 20 | 13 | cont'd; State /∆ closed; charge conference – no objection to the Court's charge; Closing argument by State; by defense; Jury out @ 3:50 p.m.; back in @ 4:25 p.m.; ____ ____ phase – ① Deana Crouch; multiple misdemeanor convictions admitted; Both rested & closed; State argued opening; ∆ argued; State argued – Jury out @ 5:20 p.m.; Jury in @ 6:00 p.m. | | |
| 11 | 21 | 13 | Sentenced to 5 years TDC probated 5000.⁵⁰ fine; Probated for 10 years; 180 special condition LEC by 9:00 A.M. Monday; Nov. 25, 2013; no contact w/ any of the victims or owner of the house; ∆ admonished re: importance of felony C.S. rules w/out deviation & consequences of violating any rule cond. of C.S.; ∆ admonished re: appellate rights – _____ | | |
| 12 | 18 | 13 | Indigency hearing; ∆ has made no attempt to hire a lawyer; Owns mobile home & 2000 F150 free & clear – _____ court appt'd lawyer _____ | | ⑤⊅ |

NO. A-37,204

| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| VS. | OF ECTOR COUNTY, TEXAS |
| JOHNNY CRAIG TROUT | 70TH JUDICIAL DISTRICT |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

The Defendant, JOHNNY CRAIG TROUT, stands charged by Indictment with the offense of Burglary of a Habitation With Intent to Commit Aggravated Assault alleged to have been committed on or about the 11th day of January, 2010, in Ector County, Texas. The Defendant has pled not guilty.

A person commits the offense of burglary if, without the effective consent of the owner, he enters a habitation or any portion of a building not then open to the public with intent to commit assault.

A person commits an assault if the person intentionally and knowingly threatens another with imminent bodily injury, including the person's spouse.

A person commits aggravated assault if the person commits an assault, as defined above, and uses a deadly weapon during the commission of the assault.

"Enter", as used above, is meant to intrude any part of the body or any physical object connected with the body into the building or habitation.

"Building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament or use.

"Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes each separately secured or occupied portion of the structure or vehicle and each structure appurtenant to or connected with the structure or vehicle.

1

FILED

at _____ o'clock

NOV 3 0 2013

District Clerk, Ector County, Texas
By _____ Deputy 52

"Effective consent" means assent in fact, whether express or apparent, and includes consent by a person legally authorized to act for the owner. Consent is not effective if induced by deception or coercion.

"Owner" means a person who has title to the property, possession of the property, or a greater right to possession of the property than the person charged.

"Bodily injury" means physical pain, illness, or any impairment or physical condition.

"Deadly weapon" means anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Notice" means oral or written communication by the owner or someone with apparent authority to act for the owner.

A person acts intentionally, or with intent, with respect to the nature of his conduct, or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of January, 2010, in Ector County, Texas, the Defendant, JOHNNY CRAIG TROUT, did then and there, intentionally or knowingly, without the effective consent of Deanna Crouch, the owner thereof, enter a habitation and did attempt to commit or committed the felony offense of aggravated assault with a deadly weapon, to-wit: a knife, then you will find the Defendant guilty of Burglary of a Habitation With Intent to Commit Aggravated Assault as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt

2

53

thereof, you will acquit the Defendant of Burglary of a Habitation With Intent to Commit Aggravated Assault and next consider whether the Defendant is guilty of the lesser included offense of Burglary of a Habitation With Intent to Commit Assault.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of January, 2010, in Ector County, Texas, the Defendant, JOHNNY CRAIG TROUT, did then and there intentionally or knowingly enter a habitation, without the effective consent of Deanna Crouch, the owner thereof, and attempted to commit or committed an assault against Brenda Burk, then you will find the Defendant, JOHNNY CRAIG TROUT, guilty of the lesser included offense of Burglary of a Habitation With Intent to Commit Assault

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Burglary of a Habitation With Intent to Commit Assault and next consider whether the Defendant is guilty of the lesser included offense of Criminal Trespass of a Habitation.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of January, 2010, in Ector County, Texas, the Defendant, JOHNNY CRAIG TROUT, did then and there intentionally or knowingly enter a habitation, of another, namely Deanna Crouch, without the effective consent of the said Deanna Crouch, and the said defendant had notice that the entry was forbidden, then you will find the Defendant, JOHNNY CRAIG TROUT, guilty of the lesser included offense of Criminal Trespass of a Habitation, a Class "A" Misdemeanor.

If you find from the evidence beyond a reasonable doubt that the Defendant is guilty of either Burglary of a Habitation With Intent to Commit Aggravated Assault or Burglary of a Habitation With Intent to Commit Assault or Criminal Trespass of a Habitation, a Class "A" Misdemeanor, but you have a reasonable doubt as to which offense he is guilty, then you should find the Defendant guilty of the lesser included offense of Criminal Trespass

3

54

of a Habitation, a Class "A" Misdemeanor.

If you have a reasonable doubt as to whether the Defendant is guilty of any offense referred to in this charge, you will acquit the Defendant and say by your verdict "Not Guilty."

A grand jury indictment is the means whereby a defendant is brought to trial in a felony prosecution, it is not evidence of guilt nor can it be considered by you in passing upon the issue of guilt of the defendant. The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and, if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and the weight to be given their testimony, but the law you must be governed by, you shall receive in these written instructions.

After you retire to the jury room, you should select one of your members as your Foreperson. It is his or her duty to preside at your deliberations, vote with you, and, when

4

you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Foreperson.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

After you have retired, you may communicate with this court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys, or the court, or anyone else concerning any question you may have. After you have reached a unanimous verdict, the Foreperson will certify thereto by filling in the appropriate form attached to this charge and signing his or her name as Foreperson.

JUDGE PRESIDING

5

(3)

NO. A-37,204

THE STATE OF TEXAS                    IN THE DISTRICT COURT

VS.                                   OF ECTOR COUNTY, TEXAS

JOHNNY CRAIG TROUT                    70TH JUDICIAL DISTRICT

FILED

at _____ o'clock

NOV 2 0 2013

District Clerk Ector County Texas

By _____ Deputy

**MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE STATE OF TEXAS by and through her Deputy District Attorney, and moves the Court for an order in limine, restricting opposing counsel and witnesses called on behalf of opposing parties from mention of certain matters and in support of this motion, shows the following:

I.

The matters described in Paragraph III below are not admissible in evidence for any purpose and have no bearing on the issues or the rights of the parties in this case.

II.

Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice but will reinforce the development of questionable evidence.

III.

The matters of information made the subject of this motion are as follows:

1.    Any evidence of or inquire into the character of a witness from any source,

44

R.N. (Bobby) Bland
District Attorney,
Ector County Courthouse
300 N. Grant, Room 305
Odessa, Texas 79761
(432) 498-4230

BY: _____
Amanda Navarette
Deputy District Attorney
SBN: 24042261

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been hand-delivered to , Attorney for Defendant, in the 70th District Court of Ector County, Texas, on this the _____ day of November, 2013.

_____
Amanda Navarette

46

## Motion in Limine
District Clerk Record - page 45 - last paragraph

All witnesses called on his behalf, be instructed to refrain from any mention or interrogation, directl or indirectly, in any manner whatso ever, including the offering of documentary evidence, regarding any of the matter set forth in this motion.

## Waiver of Arraignment
District Clerk Record page 8 Filed May 4, 2010
I was in jail on May 3, 2010 for violation of a protective order. I was brought to Court from jail at 9:AM to revoke my probation - Judge Owens Court room. I was suppose to be brought back to Judge Denn Whalen court at 3:PM. for Waiver of Arraignment hearing. I was not brought back from jail May 3, 2010.

In Judge Owen's Court room May 3, 2010 at 9:AM. my parents were there. My Mother had all my receipts and the Evidence List date Jan. 11, 2010. The lady from the DA office, said Johnny Trout had not paid any of the charges for probation or Court cost. My Mother waved the receipts and said I have the receipts. My parents were told By the lady from D.A. Office to leave the Court room, and don't come back in.

April 24, 2009 is a very important day—that day
April 24 listed on Evidence list - dated Jan 11. 2010        16

Motion in Limine - Waiver of Arraignment

My Mother had the Evidence list dated Jan 11, 2010 also had a document dated April 24, 2009 with her in the Court room. That document tells what this was all about. This Evidence list was not brought up in Court 2013. Also I'am not suppose to tell what happened to me when I was not brought back to Court on May 3, 2010.

This Motion in Limine rule that was set in Court Nov. 20, 2013 - Seem to enforce the fact that this is a one way stkeet.

My parent's were told to leave the Court Room May 3, 2010 9:AM. Judge Owens Court. I was not brought back on May 3, 2010 at 3:PM for the Waiver of Arraignment hearing.

I was never in Court on this Burglary Charge until 2013. I have been up and down on the Court Docket since 2010 through 2013. The D.A sent me a letter twice in 2010 offering me a 12 year prison sentence.

I have been in Court twice in 2013. The first time was late Summer or early fall to reset the trail. Then Nov 20 and 21 2013 when we had a trail.

My Attorney keep telling me that when we get to Court, this would be dismissed. I told my parents not to come, this was going to be dismissed and they live 400 miles away. I was very upset in Court.

CAUSE NUMBER A-37,204

THE STATE OF TEXAS

VS.

JOHNNY CRAIG TROUT

IN THE DISTRICT COURT

ECTOR COUNTY, TEXAS

70th Judicial District

W A I V E R   O F   A R R A I G N M E N T

THIS DAY, the 3RD DAY OF MAY , 2010, the defendant/defendant's attorney being present in open Court, and the District Attorney also being present in Court, the Court proceeded to cause the said Defendant JOHNNY CRAIG TROUT , to be arraigned herein in due form of law, to-wit, the name of the said Defendant, as stated in the indictment herein, was distinctly called, and thereupon the defendant/defendant's attorney waived his rights to said arraignment and entered his said plea of not guilty as charged in said indictment and the said plea is here now entered of record upon the minutes of this Court.

_____
Judge Presiding

_____
Defendant's Attorney

**FILED**

at_____ o'clock

MAY 4 2010

District Clerk, Ector County, Texas

By_____ Deputy

8

```
 Case Menu           Johnny Craig Trout          Status  : Filed/Atty Appointed
     Appeals         A-37,204   [170230]         Modified: 03:51pm on 04/26/10
 AT  Attorney        70th Judicial District               by Angie Rodriguez
 BC  Barcode
  B  Bonds           01/11/10: Burglary Ot A Habitation [F1]
  C  Case
     CJIS Rptg       Arrest: 01/22/10 101 days   $50,000.00 BAIL REQUIRED
 CM  Cert Mail       Filed : 04/20/10 13 days    Jail
  D  Dispo
  E  Events          Attrny: Laura A. Carpenter appointed on 01/26/10
 FS  Fees            Flags :
  F  Forms
  H  Hearings                                IN JAIL
  I  Images
  J  Judgment        Hearing Date      Time  Result   Date      Event
  P  Person
  R  Related         ARR     05/03/10 03:00            04/26/10  Precept Returned
     Subpoenas                                         04/21/10  Precept To Serve I
  S  Summary                                           04/20/10  Indictment
  W  Warrants  *                                       01/26/10  Justice Ot Peace A


F1-Exit   F2-Person                      F5-Events F6-Hearng F7-Photo
```

Appellant was in Ector County Jail
The Court did not bring him to Court
for the Arraignment. Laura Carpenter
was appointed on May 3, 2010 Not on
Jan 26, 2010. Appellant had not seen or
talked with Attorney Carpenter, Until
after the Arraignment. Appellant saw
Laura Carpenter at the Court House, She
Wanted Appellant to take a plea for
a 12 year prison term.
Appellant was not called to the
Grand Jury, No information if anyone was
at the Grand Jury

Authority....... Court CC, Count y Clerk Office by ORTIZYH
. 4
. 4
. MC
. MC
. MC

==================================================

Inmate's Name... BUNN, JUSTIN JEFFREY
SO.............. 118719
Address......... 7835 FM 1318
CSZ............. TULIA,TX 79088
Arrest Date..... 04/16/10
ARREST.TIME..... 01:32:00pm
Warrants........
.
.
.
.
Charges......... PAR VIOL
. EVADING ARREST DETENTION W/PREV CONVICTION (SJF)
. UNAUTH USE OF VEHICLE(SJF)
. CRIMINAL MISCHIEF >=$1,500<$20K (SJF)
. THEFT PROP>=$50<$500(B)
Bond Amt........ NOBOND
. 7,500.00
. 7,500.00
. 7,500.00
. 1,000.00
Authority....... STATE
. ECSO
. ECSO
. OPD
. MC

==================================================

Inmate's Name... BURK, DUSTIN LEE
SO.............. 103079
Address......... 12349 W MARIA
CSZ............. ODESSA,TX
Arrest Date..... 04/27/10
ARREST.TIME..... 10:54:00am
Warrants........ 10-1656
.
.
Charges......... EVADING ARREST DETENTION(GOB)(A)
. SIMPLE ASLT BY PHYSICAL CONTACT(CPF)(C)
. EVADING ARREST DETENTION W/PREV CONVICTION(SJF)
Bond Amt........ 2,000.00
. NOBOND
. 5,000.00
Authority....... Court CC2, Coun ty Clerk Office by GNA
. MC
. ECSO

==================================================

Inmate's Name... BURRIS, TIMOTHY ANDREW
SO.............. 110828
Address......... 305 ALABAMA
CSZ............. Odessa, TX 79762
Arrest Date..... 04/20/10
ARREST.TIME..... 06:18:00pm
Warrants........ T08-6121-VPTA

Dustin Burk was in jail on May 3, 2010 when Craig was took out of his cell and told that he had been calling Brenda Burk - the lady that has the Protective order on Craig — Dustin Burk is Brenda Burk's son

I wrote down the things that happened after Court May 3, 2010

Dustin Burk made those calls — I went to the Sheriffs office on May 4th 2010 — The Sheriff called me back and told me Johnny did not make the calls — I ask him - the sheriff for a report - He told me he didn't have a report for me — Karan Joy Trout

```
Charges.......... MTRP(F)
                . THEFT PROP>=$20<$500 BY CHECK(CPF)(B)
                . THEFT PROP>=$20<$500 BY CHECK(B)
                . THEFT PROP>=$1,500<$20K(SJF)
Bond Amt........     NOBOND
                .    NOBOND
                .     500.00
                . 25,000.00
Authority....... 244TH,DC
                . CC
                . CCL
                . TAYLOR CO SO
=================================================
Inmate's Name... TREVINO, RAFAEL GRANADO
SO..............      86566
Address......... 3703 MCLAIR
CSZ............. Odessa, TX 79761
Arrest Date.....    05/10/10
ARREST.TIME..... 11:17:00am
Warrants........ 09-3291
                . 09-3968
                . 09-3970
                .
                .
                .
Charges......... THEFT BY CHECK(B)
                . THEFT BY CHECK(B)
                . THEFT BY CHECK(B)
                . ASSAULT(CBI)(FV)(A)
                . THEFT BY CHECK(SJF)
                . ASSAULT FAM/HOUSE MEM IMPEDE BREATH/CIRCULAT(FV)(F3)
Bond Amt........  1,000.00
                .  1,000.00
                .  1,000.00
                .  2,500.00
                . 15,000.00
                . 25,000.00
Authority....... Court CC, Count y Clerk Office by GNA
                . Court CC2, Coun ty Clerk Office by JJN
                . Court C1, Count y Clerk Office by JJN
                . OPD
                . MIDLAND CO SO
                . OPD
=================================================
Inmate's Name... TROUT, JOHNNY CRAIG
SO..............      44521
Address......... 4900 E UNIVERSITY # 616
CSZ............. Odessa, TX 79762
Arrest Date.....    04/22/10
ARREST.TIME..... 05:34:00am
Warrants........ 6065JP3
                .
                . 10-0643
                . 09-4070
Charges......... BURGLARY OF HABITATION
                . MTRP(M)
                . VIOL OF PROTECTIVE ORDER (FTA)(A)
                . POM (CPF) (B)
Bond Amt........ 50,000.00
```

*not True*

*Craig been in jail since Jan 22, 2010*

*Miranda Rights have not been read*

Appellant's evidence list, dated 01/11/2010; you will see Claimant: Brenda Burk placed an assault charge on Appellant on 04/24/09. This was a false charge, as you can see, on the very same day, Brenda Burk claimed a Crime Victims' Compensation from the Office of the Attorney General.

This is where this all started, the assault charge was completely made up so that Brenda Burk could FALSELY claim $500.00 from the Attorney General.

The purpose of the Motion in Limine, which withheld all witnesses called on Appelants behalf, instructed witnesses to refrain from any mention or interrogation, directly, or indirectly in any manner whatsoever.

The District Attorney admits the trial discovery order did require the state to disclose information regarding the identity of witnesses who testified before the Grand Jury.

Deanna Crouch – victim – no relation – owned the home/apt – statement Mr. Trout forced his way into the door of the apartment and pushed her down to get in as she was blocking the door – she has prior back problems and this aggravated those issues – bruising her tail bone and causing swelling in the back – is going to have to have another back surgery because of this – has medical bills in unlisted amounts. States that Mr. Trout had two knifes – one in each hand a small thin kitchen knife and a pocket knife – only person that says were two knifes.

Caleb Haver –her 3 yr old grandson – statement is he now has nightmares about the bad man coming after grandmother wit h a knife and hurting her- was in the living room at the time and saw everything

B renda Burk – individual who had the protective order – good from august 13, 2009 through June 29, 2011 – statement that he forced way into the house – pushing down Ms. Crouch – grandson was present – he came after her with a knife and pushed her onto the couch screaming at her "bitch give me back my keys to my car". Her and Johnny were dating but broke up and was at Ms. Crouch to hide from him – she was able to get free from him and run from the house/apt as her son and him were fighting – son got kick in the stomach - Johnny was able to able to get away and run after her but didn't catch up with her – she was able to get back in the house/apt and lock the door – in one statement she says she didn't see Johnny enter the house but heard him once inside.

Dustin Burk – her son – was in the kitchen and didn't see him enter the house – heard shooting and ran into the living room and saw Johnny with a knife after his mother and he knocked Johnny down and they starting fighting and mom ran out of house/apt with cell phone to call police and Johnny was able to get away and run after him

Mr. Crouch son – came home later and "found" the kitchen knife outside the apartment and called and gave to police – no information in file if did fingerprints on this object

*Brenda Burk*

Criminal history relevant – POM – 2 violations of protective orders – assault in April 2009 and one in august 1999 – and one in march 1994 – which started as a felony with a deadly weapon but looks like conviction was a misd and got 5 days jail    *Elizabeth divorce Aug 1993*

# Office of the Attorney General
## Crime Victims' Compensation

PLEASE FIND THE ENCLOSED PAYMENTS ON BEHALF OF THE FOLLOWING CRIME VICTIMS.

CLAIMANT: BURK, BRENDA C
  VICTIM: BURK, BRENDA C

CLAIM NUM: VC09253023/002
CHECK NUM: 120638045

PROVIDER:
  PAY TO: BRENDA C BURK

REFERENCE:
  SERVICE: 04-24-09 TO 04-24-09

| BILLED AMOUNT | LESS TWCC MED FEE * | LESS INSURANCE | LESS OTHER | LESS 40% ** REDUCTION | PAID AMOUNT |
|---|---|---|---|---|---|
| 500.00 | 0.00 | 0.00 | 0.00 | 0.00 | 500.00 |

* CHARGES FOR HEALTH CARE SERVICES ARE REGULATED BY THE FEE GUIDELINES ESTABLISHED BY THE TEXAS WORKERS' COMPENSATION ACT. NEITHER THE PATIENT NOR THIS AGENCY IS RESPONSIBLE FOR THIS AMOUNT.

IF YOU HAVE QUESTIONS ABOUT THIS REIMBURSEMENT, CALL US AT (512) 936-1200 OR (800) 983-9933 IF CALLING FROM OUTSIDE THE AUSTIN AREA.

---

Ector County Sheriff          L A W    E N F O R C E M E N T    S Y S T E M         12:59 20 JAN 2012

THE SOFTWARE GROUP, INC.                Person Data Sheet                         PAGE    2

---

Person ID: 5730             TROUT, JOHNNY CRAIG              S.O. # 44521

| | | | | |
|---|---|---|---|---|
| 136366 | CHEVROLET | PICKUP | GRAY | YV1085 TX |
| 609006 | OLDS | INTIRGE | BLK | W59FMC TX |

Relations:

| ID...... | Name of Relation............. | Address.......................... | Phone......... | Relationship.............. |
|---|---|---|---|---|
| 59023 | FREELS,RAYMOND | UNK<br>MIDLAND,TX | 432-570-7994 | Associate |

WARRANTS:

| Warr ID. | Warrant #/Class....... | Offense.................... | Issuing Auth/Type. | Date Iss | Status..... | Date.... | Comment.............. |
|---|---|---|---|---|---|---|---|
| 26574 | 95-1488 | CRIMINAL MISCH >= $20<$200 | Court CC2, County WARRANT | 06/08/95 | Closed by A | 10/26/95 | KENT CO SO. |
| 1015 | T-89-402-C | THEFT >= $20 BUT < $200 | County Clerk Offic CAPIAS | 03/29/90 | WARRANT REC | 06/06/95 | Court CC2, County Cler |
| 29990 | 95-1488 | CRIMINAL MISCH >= $20<$200 | Court CC2, County CAPIAS | 05/09/96 | WARRANT REC | 05/08/96 | Court CC2, County Cler |
| 154429 | 09-2114 | VIOL OF PROTECTIVE ORDER | Court CC2, County FAILURE TO APPEAR | 09/10/09 | Closed by A | 09/17/09 | Updated by SO event ch |
| 157482 | 09-2114 | MOTION TO REVOKE PROBATION | Court CC2, County CAPIAS | 01/14/10 | Closed by A | 01/22/10 | |
| 157543 | 6065JP3 FELONY | BURGLARY OF HABITATION | 3 WARRANT | 01/22/10 | Closed by A | 01/22/10 | Updated by SO event ch |
| 158487 | 10-0643 | VIOL OF PROTECTIVE ORDER, | Court CC, County C FAILURE TO APPEAR | 03/01/10 | Closed by A | 03/01/10 | Updated by SO event ch |
| 158623 | 09-4070 | POSS MARIJ <2OZ | Court C1, County C CAPIAS PRO FINE | 03/03/10 | Closed by A | 04/22/10 | Updated by SO event ch |

BOOKINGS:

| Jail ID | Confined | Charge......................................... | Holding Authority | Released | Comment....................... |
|---|---|---|---|---|---|
| 67893 | 11/27/82 | DRUNK; SIMPLE ASSLT | ; | 11/27/82 | |
| 127923 | 09/08/84 | POSS MARIJ (B) | | 09/08/84 | |
| 127925 | 01/20/88 | SPEEDING | | 01/30/88 | |
| 127927 | 03/19/88 | PI | | 03/19/88 | |
| 127928 | 02/09/89 | THEFT (B) | | 02/09/89 | |
| 127930 | 10/29/95 | CRIM TRESP (B) | | 10/29/95 | |
| 127942 | 02/23/99 | POSSESSION OF DRUGS PARAPHERNALIA (C) | OPD | 02/23/99 | DP |
| 137228 | 08/11/99 | ASSAULT (FV); SPEEDING (C); FTMPFR (C) | OPD; MUNICIPAL; MUNI | 08/12/99 | ASA |
| 142211 | 12/24/99 | SPEEDING (C); SPEEDING (FTA) | EASTLAND CO DPS; EAS | 12/24/99 | #002471 JP REC |
| 144989 | 03/02/00 | POSSESSION OF DRUGS PARAPHERNALIA | OPD | 03/02/00 | REL JUDY'S BONDING |
| 330945 | 04/24/09 | ASSAULT CBI(FV)(A) | OPD | 04/26/09 | REL ACE BONDING |
| 331459 | 05/08/09 | VIOLATION OF A PROTECTIVE ORDER(A) | OPD | 05/09/09 | REL ACE BONDING |
| 336153 | 09/17/09 | VIOL OF PROTECTIVE ORDER(FTA)(A); POSS MARIJ <2OZ( | Court CC2, County Cl | 09/22/09 | REL ACE BONDING |
| 340397 | 01/11/10 | VIOL OF PROTECTIVE ORDER(A) | SO | 01/12/10 | RELEASE ASA |
| 340778 | 01/22/10 | BURGLARY OF HABITATION; MTRP(M); VIOL OF PROTECTIV | 3; CC; Court CC, Cou | 05/19/10 | REL JIMMY RUIZ MONITOR CC |
| 348555 | 08/09/10 | MON VIOL (MTRP/VIOL OF PROTECTIVE ORDER)(A); MON V CC; CC | | 04/21/11 | LOT 4/21/11 T CAMPBELL |

*330945   04-24-09   Assault*
*Brenda Burk Crime Victim check #500.00 04-24-09*

Judge Denn Whalen,

I am Karen Joy Trout, I am Johnny Craig Trout's mother. Johnny had a jury trail on Nov 20, 2013 - It was over on Nov 20, 2013 - You had Johnny back in court on Friday Nov 21. You are the one who sentenced Johnny on Friday Nov 21 - the jury was not there at the time Johnny was sentenced.

I took Johnny myself on Nov 25th to jail. You had wrote on Johnny's papers to not communicate with Dustin Burk - I gave those papers to the jailer myself - Johnny was put right in the cell unit with Dustin Burk - and Dustin Burk went right for Johnny - Johnny was moved and Dustin Burk spread the word through the jail to get Johnny - Johnny called me on Friday Nov 29th with his hand hurt and rolling himself in a wheel chair - I called his lawyer Jeff Robnett - Robnett said to me I am calling Judge Whalen - I'll call you right back

Robnett never called back —
Johnny was put in isolation
and he was not allowed to
use the phone read his books
are have a TV — I called
about Johnny nearly every day
and was told he was not on
restriction — but He Sure was —
Ector County moved Johnny
to Tohaka Tx — I came
to Odessa and saw Johnny
on Thursday Dec 12, 2013 +
Johnny was moved on Dec 12
to Tohoka ~~that~~ I went to
Tohaka on Dec 15, to visit
Johnny — Johnny called ~~me~~ me
on Dec 16 2013 and he has
been moved to Ector County to
get his hand Xrayed and go
to a Doctor —

I went to the court house
on Friday Dec 13 and ask
for a appeal — for Johnny Craig Trout
The appeal request Has not
been acknowledged — Johnny Craig Trout
has a right to a Appeal — This is
the second request for a Appeal
This is about You letting the
30 day's run out — Johnny Craig
Trout has a right to a

[X] 14. Submit to a period of confinement in the Ector County Jail of not less than ___180___ days, the confinement imposed shall be treated as a condition of community supervision, and in the event of a sentence of confinement upon the revocation of community supervision, the term of confinement served MAY NOT be credited toward service of such subsequent confinement.

***TIME WILL BE SERVED DAY PER DAY***

Defendant will present himself 11-25-13 at 9:00 am at the Ector County Law Enforcement Center

[X] 15. Defendant SHALL NOT communicate directly or indirectly with Deanna Crouch (09-18-62), Brenda Burk (03-03-63), Dustin Burk (08-23-83), Michelle Havner (11-07-86) and Matthew Havner (10-19-84).

Karen Joy Trout

Karen Joy Trout

State of Texas
County of Rockwall
This instrument was acknowledged before me on December 13, 2013
by Karen Joy Trout

_____
Notary Public's Signature

James W Koch
My Commission Expires
11/12/2016

NO. A-37,204

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | OF ECTOR COUNTY, TX |
| | * | |
| **JOHNNY CRAIG TROUT** | * | 70th JUDICIAL DISTRICT |

## ORDER TRANSFERRING PRISONER

ON THIS 25TH DAY OF NOVEMBER, 2013, IT IS ORDERED BY THE COURT THAT THE WITNESS **DUSTIN LEE BURK** BE AND IS HEREBY ORDERED TRANSFERRED BACK TO KYLE UNIT, TDCJ, 23001 IH-35, KYLE, TX BY THE SHERIFF OF ECTOR COUNTY, TEXAS.

JUDGE PRESIDING

FILED

at_____ o'clock

NOV 2 5 2013

District Clerk, Ector County, Texas

By_____ Deputy

Copy to Jail

71

[X] 14. Submit to a period of confinement in the Ector County Jail of not less than __180__ days, the confinement imposed shall be treated as a condition of community supervision, and in the event of a sentence of confinement upon the revocation of community supervision, the term of confinement served MAY NOT be credited toward service of such subsequent confinement.

***TIME WILL BE SERVED DAY PER DAY***

Defendant will present hinself 11-25-13 at 9:00 am at the Ector County Law Enforcemet Center

[X] 15. Defendant SHALL NOT communicate directly or indirectly with Deanna Crouch (09-18-62), Brenda Burk (03-03-63), Dustin Burk (08-23-83), Michelle Havner (11-07-86) and Matthew Havner (10-19-84).

Appellant Docket Num 11-13-00377 CR

My Husband and I took Johnny Craig Liout to jail on Nov 25, 2013 around 8:30 A.M we had to wait a good while for the jailer to take Johnny back. I gave the jailer the papers the Judge Walen gave Johnny. Johnny was put in cell with Dustin Burk intentionly — Dustin Burk back jumped Johnny - it was on the camera — A cellmate told Johnny the reason it took so long for the jailer to get him on Nov 25, 2013 - The jail was moving a inmate to make room for Johnny Liout.

Volume 6 page 7-8 — The Court: And Rule Num 15 says that you will not communicate directly or indirectly with Deana Crouch, Brenda Burk, Dustin Burk, Michelle Havner or Matthew Havner

Do you understand that?

The Defendant: Yes, Sir

NO. A-37,204

THE STATE OF TEXAS                    IN THE DISTRICT COURT

VS.                                   OF ECTOR COUNTY, TEXAS

JOHNNY CRAIG TROUT                    70TH JUDICIAL DISTRICT

### ORDER

On this day, came on to be considered indigency status of the Defendant in the above styled and numbered cause. After due consideration, it is the opinion of the Court that the Defendant is not indigent at this time.

SIGNED this __18th__ day of December, 2013.

_____
JUDGE PRESIDING

FILED

at_____o'clock

DEC 1 8 2013

District Clerk Ector County Texas
By_____Deputy
Copy to DA
Def-Jail
Robnett

74

Dec 19, 2013

Cause No. A-37,204

Notice
Johnny Craig Trout file's
to Appeal this case.

Johnny Craig Trout
12-19-13

Signed before me on 12/19/13
Jennie Wesley

JENNIE WESLEY
Notary Public, State of Texas
My Commission Expires 12-05-2015
NOTARY PUBLIC · STATE OF TEXAS

FILED
_____ o'clock
at _____
DEC 19 2013
_____ County, Texas

## Appendix: Certification of Defendant's Right of Appeal

No. *A-37,204*

The State of Texas

v.

*Johnny Craig Trout*
Defendant

In the *70th District* Court

of

*Ector* County, Texas

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

[ ] is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

[ ] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]

[ ] is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

[ ] the defendant has waived the right of appeal.

_____
Judge

_____
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
Defendant
Mailing address:
Telephone number:
Fax number (if any):

_____
Defendant's Counsel
State Bar of Texas ID number
Mailing address:
Telephone number:
Fax number (if any):

GABRIEL H. BARR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 5/11/2015

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case -- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant -- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

Rev. 10/13/11

CAUSE NO. *A-37,204*          *Dec 20, 2013*

| | § | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| *Johnny Craig Trout* | § | 70TH JUDICIAL DISTRICT |
| | § | |
| | § | ECTOR COUNTY, TEXAS |
| | § | |

## AFFIDAVIT OF INDIGENCY

**The items applicable to the undersigned are checked, and information called for is furnished under penalties of perjury.**

1. **Basis for indigency:** I am unable hire a lawyer because:
   ( ) I am presently receiving a government entitlement based on indigency, to wit: *In jail for 180 days*
   (Describe nature and amount of government entitlement): *I have No money at all - my parents have no money other than Social Security - also my Dad gets a small VA check every month Dec 12th 2013 tran #340, ~ Mother Ck - to Johnny's for rent $345.*
   (✓) I have no ability to pay for an attorney based on facts set out below: *Parent's checking Bal #1.8 Dec. 20, 2013*

2. **Employment information:**
   (✓) I am not now employed; the last time I was employed was: *last Ck Mar 23 2013 - I was ordered to jail on Nov 25, 2013 by Judge Wahl #507.52*
   ( ) I am employed: I work for:
   Name: _____
   Address: _____ City: _____
   The nature of my Job is: _____
   The income I receive from this job is: $_____ per _____

3. **Income from sources other than employment:**
   ( ) I have no income which is derived from sources other than employment, such as interest, dividends, annuities, ect,.
   ( ) I have income derived from sources other than employment as follows:
   Type of Income: _____

   Amount per period: _____

4. **Spouse's income:**
   ( ) My spouse has no income.
   ( ) My spouse has income as follows:
   Type of income: _____

   Amount per period: _____

FILED
at_____ o'clock____M
DEC 2 0 2013

District Clerk, Ector County, Texas
By_____ Deputy

5. **Property:**
( ✓ ) I own no property and no interest in any property.
( ) I own the following interests in property:
Real Estate: _____

Motor vehicles: _2000 Ford PK over 200,000 miles - This was my Dads truck - He gave me the truck. Truck is 14 years old_
Stocks/Bonds: _____

Other: _____
Cash: _____

6. **Bank Accounts:**

| Bank | Type of account | Amount |
|------|-----------------|--------|
| Chase | checking | 9.74 |
| Chase | Saving | 4.88 |

7. **Dependents:**
( ) I have no dependents
( ✓ ) I have the following dependents:

| Name | Date of Birth | Relationship |
|------|---------------|--------------|
| Laura Kay Trout | 4-12-93 | daughter |

8. **Debts:**
( ) I have no debts.
( ✓ ) I have the following debts:

| Creditor | Amount |
|----------|--------|
| Childsupport | 185.77 weekly |

9. **I have the following monthly expenses:**

| Type of expense | Amount per month |
|-----------------|------------------|
| Trailer rent | 345.20 |
| Cable | 61.70 |
| Just Energy | 240.87 |
| Atmos Energy | gas bill $20.00 + $25.00 |
| Insurance | 42.51 |

Signed this the _20th_ day of _December_ , ~~2012~~ 2013

I verify that the statement made in this Affidavit are true and correct to the best of my knowledge.

_Johnny Craig Trout_
Affiant

GABRIEL H. BARR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 5/11/2015



12-20-13

*Last Pay Check*

*je 2 of 2*

# Earnings Statement

| Co. | File # | Clock | Number |
|-----|--------|-------|--------|
| SYS | 000071 | | 78207179 |

Worked In Dept:
Home Dept:          200000

*Smith Laydown & Casi*

Period End: 11/22/2013
Pay Date: 11/27/2013
WGPS Advance Pay Date:

Johnny C Trout

4000 N. Golder # 1

Odessa, TX 79764

### Earnings

| | Code | Field # | Rate | Hours | Amount |
|---|------|---------|------|-------|--------|
| Regular | 0 | | 15.0000 | 23.00 | 345.00 |
| | RUN - Run | 3 | | | 530.00 |

**Gross Pay** 875.00

### Deductions

| Statutory | Amount |
|-----------|--------|
| Federal Income Tax | 93.82 |
| Social Security | 54.25 |
| Medicare | 12.69 |

| Other | Amount |
|-------|--------|
| 75- Child Support | 185.77 |
| DNT- Dental | 4.55 |
| LIF- Life | 1.79 |
| MED- Medical- BCBS | 13.42 |
| VIS- Vision | 1.19 |

**Net Pay** 507.52

### Memos

| Code | Amount |
|------|--------|

*Johnny Craig Trout*    12-20-13

GABRIEL H. BARR
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 5/11/2015

12-20-13

# Appeal-Indigency

Reporter's Record Volume 6 dated - 21st day of November 2013. Page 13-1-25 page14 -1-17

District Clerk Record - Filed Dec 18, 2013 page 74 - Indigency Status

Page's 13 and 14 in Reporter's Record Volum6 did not take place on Nov21,2013. This Indigency took place on Dec. 18, 2013.